UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE AUFFRAY and JOHN JENKINS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FXFL, LLC, BRIAN WOODS and ALAN PACE, <br><br> Defendants. | Index No.: 15-cv-09379 (GHW)(RLE) <br><br> **COMMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs ("Plaintiffs"), on behalf of themselves and all other similarly situated persons, by and through their undersigned counsel, allege upon personal knowledge as to themselves and upon information and belief as to other matters (which is based on, among other things, their experiences as semi-professional athletes and coaches employed by Defendants, review of Defendants' records and contractual agreements, conversations with current and former players and coaches and investigation of their counsel), as follows:

## NATURE OF ACTION

1.      Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former players, coaches, assistant coaches and non-exempt hourly paid employees ("FXFL Employees") who signed contracts to play in or otherwise were recruited to play or coach football or otherwise work for the Fall Experimental Football League, d/b/a FXFL, LLC ("FXFL"). The Defendants in the action are: (i) the FXFL; (ii) the FXFL's commissioner, Chairman of the Board and Chief Executive Officer, Brian Woods ("Woods"); and (iii) the FXFL's second board member, Alan Pace ("Pace") (collectively as "Defendants" unless otherwise indicated). Defendants Woods and Pace, by virtue of their management and control

1

over FXFL Employee compensation policies as well as their direct involvement in the drafting and execution of all FXFL Employee contracts, possessed and exercised sufficient control and authority over the day-to-day operations of the FXFL and are thus classified as "employers" under applicable labor law.

2.       The FXFL is a professional minor league football organization which partially serves as a feeder system for National Football League ("NFL") teams. The league and concept thereof was primarily developed and financed by the two sole FXFL owners, board members and defendants, Brian Woods and Alan Pace. The first FXFL season commenced in October 2014 with four teams, the Brooklyn Bolts, the Boston Brawlers, the Omaha Mammoths and the Florida Blacktips. Prior to commencement of the subsequent October 2015 season, the Boston Brawlers disbanded and the Omaha Mammoths were replaced by the Hudson Valley Fort.  The Brooklyn Bolts, Florida Blacktips and Hudson Valley Fort currently make up the FXFL league, which completed its second season in November 2015.

3.       The 2014 season consisted of a two week training camp followed by 3 weeks of mandatory daily practices, workouts, film review and games.  The 2015 season consisted of a two week training camp followed by 5-6 weeks of mandatory daily practices, workouts, film review and games. FXFL Employees who were selected based on talent and merit also participated in a "FXFL Championship Game" to conclude the season. Over the course of the two seasons that the FXFL has been in existence, Defendants have employed over 500 FXFL Employees.

4.       As particularized below, Defendants have engaged and continue to engage in illegal and improper wage practices that have deprived FXFL Employees of substantial amounts of minimum wage and overtime compensation.  These practices include: (a) failing to properly

pay FXFL Employees for time spent traveling to and from and attending required pre-season training camps; (b) failing to properly pay FXFL Employees for time spent attending mandatory team practices which include workouts, team meetings and reviewing game tapes and footage; and (c) failing to properly pay FXFL Employee for time spent preparing for (i.e. dressing and warming up) and playing on game days. Furthermore, Defendants fraudulently induced FXFL Employees to enter into contracts in which FXFL Employees were promised, among other things, that Defendants "will pay (i) [FXFL] Player's reasonable expenses for board and lodging…during the official pre-season camp, regular season and post-season…; [and] (ii) Player's reasonable expenses in connection with travel to any pre-season, regular season and post-season football games; and (iii) such additional compensation, benefits and reimbursement of expenses as may be called for in the League Rules and Regulations." FXFL Employees routinely, if not always, paid for their own travel, meals and accommodations and were not reimbursed for any or all of their out-of-pocket expenses.

5.      Many FXFL Employees had no other choice than to sleep in locker rooms, field houses or friends' futons and sofas. Many were required to run up high credit card bills for last minute airfare, rental car and hotel accommodations, none of which were reimbursed as promised by Defendants. Furthermore, FXFL Employees were required to pay most, if not all, additional miscellaneous expenses, including, but not limited to, meals while employed by Defendants. To date, most, if not all, of these out of pocket expenses have not been reimbursed.

6.      FXFL Employees, unlike their major league colleagues in the NFL, have no union representation or collective bargaining agreement to protect them. They are and have been subject to Defendants' control with little to no recourse available to remedy the numerous injustices perpetrated against them. According to Defendants, it was a privilege for FXFL

Employees to play in the FXFL and when FXFL Employees complained to Defendants regarding their wages and reimbursements, they were told by Woods "if we didn't like it we could get the f--k out." Additionally, Woods stated on at least one occasion to an FXFL Employee that they should be happy for the opportunity to generate game film by playing in the games and that should suffice and supplant their wages and expenses.

7.     For these reasons, Plaintiffs bring this action on behalf of themselves and other FXFL Employees to recover unpaid wages, overtime compensation, damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act (the "FLSA") §§ 201, *et. seq.,* and under McKinney's Labor Law (the "NYLL"), §§ 190, *et. seq.,* §§ 650, *et seq.,* and 12 NYCRR § 142-2.2; Mass Gen. Laws Ch.  151 §§ 1A and 1B; and Florida's Minimum Wage Act, Fla. Stat. § 448.08 *et seq.*, and the Florida Constitution, Art. X, § 24.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

9.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d).  This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from the Defendants; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

10.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law wage and hour claims because those claims derive from a common nucleus of operative fact.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted

herein occurred in this judicial district. Furthermore, Defendants maintain their official headquarters and principle place of business in this judicial district.

## THE PARTIES

**Plaintiffs**

12.      Plaintiff, Kyle Auffray, is a resident of Charlotte, North Carolina. Mr. Auffray was recruited by Defendants to and did play football during the 2014 FXFL season. Prior to the commencement of the 2014 season, Mr. Auffray was informed by Woods that he was signed to play with the Brooklyn Bolts and would need to purchase plane tickets and fly to Coral Springs, Florida to attend a mandatory 2-week training camp. The 2-week training camp consisted of 2 practices per day, team meetings, review of game and player video and workouts which lasted approximately 8 hours per day for 6 days each week. Defendants promised to pay Mr. Auffray $900 for training camp and reimburse him for all travel and meal expenses. At the conclusion of the 2-week training camp, Mr. Auffray was paid a total of $300 and was never reimbursed for any expenses incurred in connection with attending the mandatory FXFL training camp. Mr. Auffray worked at least 48 hours per week for 2 weeks during training camp, for a total of at least 96 hours and was only compensated $300 which equates to $3.12 per hour, significantly less than the statutorily proscribed federal minimum wage of $7.25 per hour.

13.      Prior to the 2-week mandatory training camp, Mr. Auffray signed a contract to play for the Brooklyn Bolts and receive a weekly salary of $900. However, at the completion of training camp, Mr. Auffray was informed by Woods that he was traded to the Florida Blacktips and would need to immediately purchase airfare to fly to Omaha, Nebraska to practice for and play in the first FXFL game between the Florida Blacktips and Omaha Mammoths. Mr. Auffray signed a separate agreement to play for the Florida Blacktips and was promised $450 per week in addition to reimbursement for reasonable travel, hotel and meal accommodations. Similar to the

5

work performed during training camp, Mr. Auffray was required to and did practice with the Florida Blacktips for 6-8 hours per day for 5 days prior to the first FXFL game and then spent approximately 8 hours warming up for and playing in the game. Mr. Auffray worked between 38-48 hours during this week but was never compensated any amount of money, let alone the $450 per week he was promised via his contract with Defendants. Additionally, Mr. Auffray was never reimbursed for any out-of-pocket expenses incurred while playing for the Florida Blacktips. After the conclusion of the first game, Mr. Auffray was required to and did purchase his own plane ticket back to his home (at the time) in South Carolina.  Mr. Auffray was subsequently signed to and did play 4 games for the remainder of the 2014 FXFL season with the Boston Brawlers.  He signed a separate contract with the Boston Brawlers in which he was to be compensated $900 per week plus reimbursement for all reasonable travel, hotel and meal accommodations.  Mr. Auffray was once again required to and did pay his own expenses to travel to and from Boston.  Additionally, Mr. Auffray was required to and did practice with the Boston Brawlers for 6-8 hours per day for 5 days per week and then spent approximately 8 hours warming up for and playing on 4 separate game days. Mr. Auffray worked between 38-48 hours during these weeks but was never compensated any amount of money, let alone the $900 per week he was promised via his contract with Defendants. Additionally, Mr. Auffray was never reimbursed for any out-of-pocket expenses incurred while playing for the Boston Brawlers. The total amount of out of pocket expenses Mr. Auffray was forced to pay without reimbursement while playing in the FXFL is in excess of $5,000.

14. Plaintiff, John Jenkins, is a resident of Naples, Florida. Mr. Jenkins was recruited by Defendants to and did coach football during the 2014 and 2015 FXFL season. During the 2014 FXFL season, Mr. Jenkins acted as the head coach and general manager of the Florida

Blacktips.  For his services, Defendants promised to pay Mr. Jenkins $32,000 for the initial 3 game season[1] and to pay all his assistant coaches $2,000 per game.  Mr. Jenkins and his assistant coaches were only paid for the first two games and were never paid any money for the 3rd week of weekly practice and the 3rd game of the season.  In addition to his salary, Mr. Jenkins was promised reimbursement for reasonable travel, hotel and meal accommodations.  To date, Mr. Jenkins and all his assistant coaches were never paid any money or reimbursements for the 3rd week of the 2014 season which included approximately 19 hours per day for 5 days of practice and 8 hours on game day.  Mr. Jenkins and all his assistant coaches are owed their wages and reimbursements pursuant to contract or at least statutorily proscribed federal minimum and overtime wages for the 2014 FXFL season.

15.     During the 2015 FXFL season, Mr. Jenkins acted as the head coach and general manager of the Hudson Valley Fort. For his services, Defendants promised to pay Mr. Jenkins $7,000 per game and to pay all his assistant coaches $1,500 per game as well as reimburse everyone for reasonable travel, hotel and meal accommodations.  Prior to the 2015 season, Mr. Jenkins participated in a mandatory 2-week training camp for his players and assistant coaches. Mr. Jenkins worked approximately 19 hours per day for 5-6 days per week during the 2-week training camp but was never compensated for any of this time nor was he reimbursed for any out of pocket expenses.  Similarly, the players and other assistant coaches for the Hudson Valley Fort were not compensated for any time spent attending the mandatory 2-week training camp prior to the 2015 FXFL season nor was they reimbursed for any out of pocket expenses.

16.     After the 2-week training camp, Mr. Jenkins, his assistant coaches and players all participated in a full week of practice prior to their first game. Practice consisted of approximately 6-8 hours per day for 5-6 days and 8 hours on game day.  Neither Mr. Jenkins, his

---

[1] While initially scheduled for 5 games, the Florida Blacktips only played 3 games during the 2014 season.

assistant coaches or players on the Hudson Valley Fort were ever compensated for any of this time and are owed compensation pursuant to contract or at least federal and/or state minimum and overtime wages.  Furthermore, neither Mr. Jenkins, his assistant coaches or players were ever reimbursed for any out-of-pocket expenses incurred while playing in the 2015 FXFL season.  The total amount of out-of-pocket expenses Mr. Jenkins was forced to pay without reimbursement while playing in the FXFL is in excess of $3,000.  After the first game of the 2015 FXFL season, Mr. Jenkins was fired by Woods after complaining that he and his staff/players continued to receive empty promises and assurances of compensation and reimbursement for expenses from Defendants that never came to fruition.

17.    Defendants not only failed to properly compensate Mr. Auffray and Mr. Jenkins for all minimum and overtime wages, but most if not all other FXFL Employees were denied contractual wages and reimbursements while employed by Defendants. Mr. Auffray and Mr. Jenkins are aware that most if not all FXFL Employees were under or uncompensated for some or all of the weeks that they worked for Defendants.  Furthermore, Mr. Auffray and Mr. Jenkins are aware that most if not all FXFL Employees signed one or more contracts with Defendants which provided, among other assurances, that the FXFL Employees would be paid at an agreed upon rate and reimbursed for all reasonable travel, hotel and meal accommodations.  As with Mr. Auffray and Mr. Jenkins, Defendants failed to properly compensate all other FXFL Employees at least minimum wage and overtime pay for weeks in which FXFL Employees traveled, practiced and played games as well as breached contractual obligations to all FXFL Employees.  As such, Defendants utilized and implemented a common and uniform scheme and practice of failing to compensate FXFL Employees for work performed throughout and prior to the 2014 and 2015 FXFL seasons.

**Defendants**

18.     The FXFL is a privately held company headquartered in the Southern District of New York.  At all relevant times, Woods was the Commissioner of the FXFL as well as the Chairman of the Board and Chief Executive Officer of FXFL, LLC. Upon information and belief, Woods maintains his primary place of residence in the Southern District of New York. At all relevant times, Pace was a Board member of the FXFL and upon information and belief, Pace maintains his primary place of residence in the Southern District of New York.

19.     The FXFL, Woods and Pace are related entities through, among other things, common membership, governing bodies, trustees and/or officers and benefit plans.  Defendants Woods and Pace are also the two sole owners of the FXFL.

20.     The wage and hour and all related FXFL Employee compensation policies of Defendants are centrally and collectively dictated, controlled, and ratified. Woods and Pace were intimately involved in the negotiation and implementation of all FXFL Employee compensation practices.  Furthermore, Woods and Pace had direct contact and communication with FXFL Employees and sent text messages, emails and made verbal assurances of payment and reimbursements.  As such, Woods and Pace had the power to control wage policies and practices through their oversight of day-to-day operating procedures, control over FXFL Employee work schedules and travel agendas, ability to determine FXFL Employees' rate of pay, ability to hire and fire FXFL Employees, and ability to control record keeping practices. Importantly, Defendant Woods and Pace drafted and implemented all FXFL Employee contracts and communicated directly with FXFL Employees, making false promises and assurances that they would be compensated for their work.

## FACTUAL ALLEGATIONS

**Background**

21.     Defendants employed over 500 FXFL Employees between the 2014 and 2015 seasons. These employees were given assurances by Defendants and signed contracts to play and/or coach football in the FXFL.  Defendants breached their contractual obligations and failed to pay FXFL Employees their agreed upon salaries and all reimbursement for out-of-pocket expenses.  Additionally, Defendants violated federal and state wage and hour laws by requiring FXFL Employees to perform work, often times for over 40 hours per week, without any compensation whatsoever.

22.     FXFL Employees were required to attend mandatory pre-season training camps as well as weekly practices and games during the 2014 and 2015 FXFL seasons. These training camps, practices and games required FXFL employees to work in excess of 40 hours per week. However, to date, many if not all FXFL Employees were not paid any wages whatsoever for some or all of the weeks they were employed by Defendants.  Additionally, FXFL Employees routinely were forced to pay for expenses such as travel to and from training camp and games as well as pay for hotel accommodations and meals.  Pursuant to contracts between FXFL Employees and Defendants, all these expenses were to be covered or reimbursed by Defendants. To date, many if not all FXFL Employees are still owed money for their out of pocket expenses incurred while employed by Defendants.

23.     FXFL Employees routinely complained to Defendants through verbal, text message and email communications that they were not properly paid any wages or reimbursed for reasonable expenses as promised.  Defendants, on the other hand, benefited and profited from the uncompensated labor of FXFL Employees.

24.     Defendants have a policy and practice of unlawfully refusing to pay FXFL Employees and routinely chastise FXFL Employees who rightfully request appropriate compensation and agreed upon reimbursements.  Defendants are of the opinion that FXFL players and coaches should consider themselves "privileged" to even have the opportunity the play or coach for Defendants.  Although Defendants request and are aware of the work FXFL Employees perform during and prior to the 2014 and 2015 seasons, Defendants have knowingly configured their wage and hour policies to deny compensating FXFL Employees for some – if not all – of the time spent on the Defendants' behalf and have intentionally breached contractual obligations to pay agreed upon wages and reimbursements to FXFL Employees.

25.     Accordingly, Plaintiffs Kyle Auffray and John Jenkins  seek certification of the following class of FXFL Employees:

> All FXFL Employees who played for, coached or otherwise worked for Defendants on one or more of the following FXFL teams: The Brooklyn Bolts, the Boston Brawlers, The Omaha Mammoths, The Florida Blacktips and the Hudson Valley Fort, and who are or were employed within the three years (FLSA Collective Class), two years (Massachusetts Class), four years (Florida Class)  or six years (New York Class) preceding the filing of this action by Defendants and who were: (a) not compensated for all work performed while employed by Defendants; and/or (b) were not fully compensated for time worked over forty hours per week at overtime rates; and/or (c) not reimbursed for some or all expenses incurred.

**The FXFL, Brian Woods and Alan Pace**
**Exercise Control Over Wage Policies and Practices**

26.     As discussed *supra*, Defendants have the power to control the wage policies and practices through their oversight of day-to-day operating procedures, control over employee work schedules, negotiation of employee contracts, ability to determine employees' rate of pay, and ability to freely trade and cut FXFL Employees.  For example, Woods and Pace have

directly negotiated contracts with nearly all FXFL Employees, which, among other provisions, provided the framework by which FXFL Employees should be compensated and reimbursed for out-of-pocket expenses.

27.    Defendant Woods is the Commissioner, Chairman of the Board and Chief Executive Officer of the FXFL. As such, Woods has the power to control Defendants' wage policies, employee work schedules, employees' rate of pay and all other terms of employment. For example:

   a.    Defendant Woods has negotiated rates of pay for FXFL employees, attended meetings with FXFL Employees, their agents and coaches, and reviewed and developed FXFL policies and procedures regarding employee wages and reimbursement for expenses;

   b.    Defendant Woods is a signatory on all FXFL Employee contracts and participated in contractual negotiations on behalf of the FXFL;

   c.    Defendant Woods interacted with FXFL employees to insure that all FXFL employees were abiding to their end of the contract and participating and playing in all practices, games and public events;

   d.    FXFL employees who had concerns over their compensation, reimbursements and complete lack thereof would complain directly to Defendant Woods and Defendant Woods maintained total supervisory control of FXFL employees;

   e.    Defendant Woods has received written communications regarding complaints and grievances regarding Defendants' compensation policies and has taken responsibility for directly responding to those individual

concerns;

     f.     Defendant Woods has the authority to hire and fire FXFL employees and exercised that control by firing Plaintiff John Jenkins from his position as head coach and general manager of the Hudson Valley Fort during the 2015 FXFL Season.

28.     Defendant Pace is in a managerial position at FXFL and is the second board member behind only Woods. Pace exercised the power to control Defendants' wage policies, employee work schedules, employees' rate of pay and all other terms of employment. Pace played an instrumental role in the drafting and construction of FXFL Employee contracts which among other things, assured that FXFL Employees would be properly compensated and reimbursed for out of pocket expenses.

29.     Furthermore, Pace plays a leading role in developing and modifying payroll practices and policies for FXFL Employees and along with Woods, makes determinative decisions regarding compensation policies and practices for all FXFL Employees

30.     By virtue of their positions, roles and conduct as described above, Defendants Woods and Pace are "employers" under the FLSA.

**Defendants Failed To Provide FXFL Employees With Timely
And Appropriate Wage Statements As Required Under NYLL**

31.     Defendants failed to provide Plaintiffs  and all other FXFL Employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; names of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

32.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

33.     Plaintiffs, Kyle Auffray and John Jenkins bring this FLSA collective action on behalf of themselves and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of the aforementioned FLSA Collective Class.

34.     Excluded from the FLSA Collective Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the FXFL.

35.     Plaintiffs are unable to state the exact number of FXFL Employees within the FLSA Class without discovery of Defendants' books and records but estimate the FLSA Class to exceed 500 individuals.

36.     Defendants improperly benefited from Plaintiffs' and the FLSA Collective Class members' uncompensated work during required training camps, practices and games. Defendants routinely failed to pay minimum and overtime wages to Plaintiffs and the FLSA Class for time spent in the activities previously discussed.

37.     Defendants' unlawful conduct has been widespread, repeated and consistent. Moreover, Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiffs and the FLSA Collective Class.

38.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA

Collective Class.  There are numerous similarly situated, current and former FXFL Employees who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action.  Those similarly situated FXFL Employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

39.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

40.     Plaintiffs, Kyle Auffray and John Jenkins, bring this bring this action on their own behalf and as a class action pursuant to Article 9 of New York Civil Practice Law and Rules on behalf of the aforementioned New York Class.

41.     Excluded from the New York Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the FXFL.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

42.     Defendants operate the a minor league feeder organization for the NFL with teams based in and operating out of New York, employing approximately 200 FXFL Employees in New York State and they systematically fail and refuse to pay FXFL Employees for all compensable hours worked.  The members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

43.     Plaintiffs' claims are typical of the claims of other New York Class members because they were FXFL Employees who were contractually obligated to and did play and/or participate in mandatory training camps and practices in New York and were not compensated

15

for all time spent working for Defendants.  Plaintiffs and other New York Class members have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and other New York Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

44.     Plaintiffs will fairly and adequately protect the interests of the New York Class. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.  There is no conflict between the Plaintiffs and the New York Class.

45.     Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a)     Whether Defendants failed and/or refused to pay Plaintiffs and the New York Class for all compensable time that they worked for Defendants;

(b)     Whether Defendants failed to keep true and accurate time records for all hours worked by FXFL Employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

(c)     Whether Defendants correctly compensated members of the New York Class for hours worked in excess of forty per workweek;

(d)     Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(e)     Whether Defendants failed to provide Plaintiffs and all other FXFL Employees with wage statements at the time of payment of wages as required by NYLL §195(3).

(f)      Whether Defendants engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiffs and New York Class members to perform work for Defendants' benefit which was not compensated;

(g)      Whether Defendants' policy of failing to pay FXFL Employees was instituted willfully or with reckless disregard of the law; and

(h)      The nature and extent of class-wide injury and the measure of damages for those injuries.

46.    Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.  Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Members of the New York Class are readily identifiable from Defendants' own records.

47.    Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Defendants.

48.    Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the New York

Class.

49.     Plaintiffs intend to send notice to all members of the New York Class to the extent required by New York C.P.L.R. § 904.

## FLORIDA CLASS ACTION ALLEGATIONS

50.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

51.     Plaintiffs, Kyle Auffray and John Jenkins, bring this bring this action on their own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the aforementioned Florida Class.

52.     Excluded from the Florida Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the FXFL.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the Florida Class.

53.     Defendants operate the a minor league feeder organization for the NFL with teams based in and operating out of Florida, employing approximately 200 FXFL Employees in Florida State and they systematically fail and refuse to pay FXFL Employees for all compensable hours worked.  The members of the Florida Class are so numerous that joinder of all members in one proceeding is impracticable.

54.     Plaintiffs' claims are typical of the claims of other Florida Class members because they were FXFL Employees who were contractually obligated to and did play and/or participate in mandatory training camps, practices and games in Florida and were not compensated for any and all time spent working for Defendants.  Plaintiffs and other Florida Class members have sustained similar types of damages as a result of Defendants' failure to comply with the FMWA.

Plaintiffs and other Florida Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

55.    Plaintiffs will fairly and adequately protect the interests of the Florida Class. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.  There is no conflict between the Plaintiffs and the Florida Class.

56.    Common questions of law and fact exist as to the Florida Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether Defendants failed and/or refused to pay Plaintiffs and the Florida Class for all of the compensable time that they worked for Defendants;

(b) Whether Defendants failed and/or refused to pay Plaintiffs and the Florida Class at least minimum wage for the time they worked for Defendants in violation of the FMWA;

(c) Whether Defendants correctly compensated Plaintiffs and members of the Florida Class for hours worked in excess of forty per workweek;

(d) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Florida Class;

(e) Whether Defendants engaged in a pattern and/or practice in Florida of forcing, coercing, and/or permitting Plaintiffs and Florida Class members to perform work for Defendants' benefit which was not compensated;

(f) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g) The nature and extent of class-wide injury and the measure of damages for those injuries.

57.     Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail.   Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Members of the Florida Class are readily identifiable from Defendants' own records.

58.     Prosecution of separate actions by individual members of the Florida Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Florida Class that would establish incompatible standards of conduct for Defendants.

59.     Without a class action, Defendants will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the Florida Class.

<u>**MASSACHUSETTS STATE LAW CLASS ACTION ALLEGATIONS**</u>

60.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

61.     Plaintiff, Kyle Auffray, brings the Massachusetts state claims described below under Mass. Gen. Laws Ch. 151, §§ 1A and 1B on behalf of himself and as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the aforementioned Massachusetts Class.

62.     Excluded from the Massachusetts Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the FXFL.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the Massachusetts Class.

63.     Defendants operate the a minor league feeder organization for the NFL with teams based in and operating out of Massachusetts, employing approximately 100 FXFL Employees in Massachusetts and they systematically fail and refuse to pay FXFL Employees for all compensable hours worked.   The members of the Massachusetts Class are so numerous that joinder of all members in one proceeding is impracticable.

64.     Plaintiff's claims are typical of the claims of other Massachusetts Class members because Plaintiff was an FXFL Employee who was contractually obligated to and did play and/or participate in mandatory training camps, practices and games in Massachusetts and was not compensated for any and all time spent working for Defendants. Plaintiff and other Massachusetts Class members have sustained similar types of damages as a result of Defendants' failure to comply with Massachusetts state law.   Plaintiff and other Massachusetts Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

65.     Plaintiff will fairly and adequately protect the interests of the Massachusetts Class.  Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation.  There is no conflict between Plaintiff and the Massachusetts Class.

66.     Common questions of law and fact exist as to the Massachusetts Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether Defendants failed and/or refused to pay Plaintiff and the Massachusetts Class for all of the compensable time that they worked for Defendants in violation of Mass. Gen. Laws Ch. 151, §§ 1A and 1B;

(b) Whether Defendants failed to keep true and accurate time records for all hours worked by their employees as required by Mass. Gen. Laws Ch. 151, § 15;

(c) Whether Defendants correctly compensated members of the Massachusetts Class for hours worked in excess of forty per workweek;

(d) Whether Defendants engaged in a pattern and/or practice in Massachusetts of forcing, coercing, and/or permitting Plaintiff and Massachusetts Class members to perform work for Defendants' benefit which was not compensated;

(e) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

(f) The nature and extent of class-wide injury and the measure of damages for those injuries.

67.     Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions

would entail.   Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Members of the Massachusetts Class are readily identifiable from Defendants' own records.

68.     Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class that would establish incompatible standards of conduct for the Defendant.

69.     Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Massachusetts Class.

## **FIRST CAUSE OF ACTION**

**Violation Of The Fair Labor Standards Act**
**(On Behalf of Plaintiffs, Kyle Auffray, John Jenkins and the FLSA Collective Class)**

70.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

71.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ, FXFL Employees, including Plaintiffs and each of the members of the FLSA Collective Class.

72.     Plaintiffs consent in writing to be a part of this action pursuant to FLSA, 29

U.S.C. § 216(b), and attached hereto as exhibit A is a copy of Plaintiffs' Opt-in forms.  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

73.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt Hourly Employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.  The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

74.     Plaintiffs and the members of the FLSA Collective Action were and are entitled to be paid minimum wage and overtime compensation for all hours worked.

75.     Defendants, pursuant to their policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiffs and the members of the FLSA Collective Class for all of their hours worked.

76.     By failing to compensate Plaintiffs and the members of the FLSA Collective Class for minimum wage and overtime compensation, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*.

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek damages in the amount of their unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

79.     Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek recovery of attorneys' fees and costs, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Violations of New York Labor Law – Nonpayment of Straight Wages
(On Behalf of Plaintiffs, Kyle Auffray, John Jenkins and the New York Class)**

80.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

81.     Pursuant to New York Labor Law §§ 190, 191, 193, 198, 652 and 663, Defendants have willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and the New York Class in violation of New York Labor Law §§ 190, 191, 193, 198, 652 and 663 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

82.     Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiffs' and the New York Subclass' wages that concern this lawsuit.

83.     Defendants were not authorized by Plaintiffs or any New York Class members to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

84.     Pursuant to New York Labor Law § 198, employers such as Defendants who intentionally fail to pay an FXFL Employee wages in conformance with New York Labor Law shall be liable to the Hourly Employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

85.     Defendants have violated the New York Labor Law by failing to pay Plaintiffs and the members of the New York Class for all compensable time and by failing to pay Plaintiffs and the members of the New York Class for the straight time worked at the established rate.

86.     Plaintiffs, on behalf of themselves and the New York Class, seek the amount of underpayments based on Defendants failure to pay straight wages of at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and

25

equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime
### (On Behalf of Plaintiffs, Kyle Auffray, John Jenkins and the New York Class)

87.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

88.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to Defendants and protect Plaintiffs and the members of the New York Class.

89.     Defendants have failed to pay Plaintiffs and members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

90.     By Defendants' knowing and/or intentional failure to pay Plaintiffs and the members of the New York Class overtime wages for hours worked in excess of forty hours per week, they have willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

91.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from the Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Violation of the Wage Statement Provisions
### (On Behalf of Plaintiffs Kyle Auffray and John Jenkins and the New York Class)

92.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

93.     Defendants have not provided Plaintiffs and all FXFL Employees who played or otherwise worked for a New York based team, a statement with each payment of wages listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL 195(3).

94.     Defendants are liable to Plaintiff and each FXFL Employee who played or otherwise worked in New York in the amount of $5,000, together with costs and attorney's fees.

### FIFTH CAUSE OF ACTION

**Violation Of The Florida Constitution And**
**Florida Minimum Wage Act**
**(On Behalf of Plaintiffs Kyle Auffray, John Jenkins and the Florida Class)**

95.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

96.     Pursuant to Article X, § 24 of the Florida Constitution, and pursuant to statute, Fla. Stat. § 448.01 *et seq.*, Defendants are and were required to pay Plaintiffs and the Florida Class a minimum wage set by Florida state law.  The state's wage requirements apply to Defendants and protect Plaintiffs and the Florida Class.

97.     As set forth in the preceding paragraphs of this Complaint, Defendants have knowingly and willfully refused to pay minimum wages due to Plaintiffs and the Florida Class in violation of Florida law.

98.     Defendants were not and are not permitted by Florida law, or by order of a court

27

of competent jurisdiction, to withhold or divert any portion of the Plaintiffs' and the Florida Class' wages that concern this lawsuit.

99.     Defendants were not authorized by Plaintiffs or any Florida Class member to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

100.     Pursuant to Florida law, employers such as Defendants who intentionally fail to pay an employee wages in conformance with Florida law shall be liable to the employee for the wages that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

101.     Plaintiffs, on behalf of themselves and the Florida Class, seek the amount of underpayments based on Defendants' willful failure to pay minimum wages for all hours worked, as provided by Florida law, and such other legal and equitable relief as the Court deems just and proper including, but not limited to, liquidated damages, interest, injunctive relief and punitive damages.

## SIXTH CAUSE OF ACTION

**Violations of the Massachusetts Overtime Law – Nonpayment of Overtime Wages**
**(On Behalf of Plaintiff Kyle Auffray and the Massachusetts Class)**

13.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

14.     Plaintiff Kyle Auffray and members of the Massachusetts Class were employees of Defendants, while Defendants were the employer of Plaintiff and members of the Massachusetts Class.

15.     It is public policy and law in the Commonwealth of Massachusetts that "…no employer in the commonwealth shall employ any of his employees…for a week longer than 40

hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed…" (Mass. Gen. Laws Ch. 151, § 1A).

16.     Mass. Gen. Laws Ch. 151, § 1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151, § 1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

17.     During the class period, Defendants violated Massachusetts law by failing to pay Plaintiff and the Massachusetts Class, time and one-half their regular rate of pay for all hours worked in excess of 40 hours worked within a workweek.

18.     By its conduct as set forth herein, Defendant violated Mass. Gen. Laws Ch. 151, § 1A by failing to pay Plaintiff and the Massachusetts Class time and one-half their regular rate of pay for all hours worked in excess of 40 hours worked within a workweek.

19.     Defendants were not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the Massachusetts Class' unpaid minimum or overtime wages sought in this lawsuit.

20.     Defendant was not authorized by Plaintiff or any Massachusetts Class members to withhold, divert or deduct any portion of their unpaid minimum or overtime wages sought in this lawsuit.

21.     Defendants' violations of Mass Gen. Laws Ch. 151, § 1A were repeated, willful and intentional. Accordingly, Plaintiff and members of the Massachusetts class have been damaged by these violations of Mass. Gen. Laws Ch. 151, § 1A.

22.     Pursuant to Mass. Gen. Laws Ch. 151, § 1A and § 1B Defendant is liable to Plaintiff and the members of the Massachusetts Class for three times their unpaid overtime compensation, plus interest, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### Breach of Contract
### (On Behalf of Plaintiffs Kyle Auffray, John Jenkins and all other FXFL Employees)

102.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

103.     The FXFL Player Contracts (a blank copy of which is attached hereto as Exhibit B), the terms of which were negotiated and drafted by Woods and Pace and signed by Woods and each FXFL Employee constitute valid and binding agreements between Plaintiffs, FXFL Employees and Defendants.  The terms and conditions of all contracts between Defendants and FXFL Employees were nearly identical except for the name of the team to which the FXFL Employee was assigned to play for and the amount of the FXFL Employee's weekly salary.  As parties to the contracts, Plaintiffs and FXFL Employees are proper entities to sue under the contracts.  Plaintiffs and FXFL Employees performed, pursuant to the terms of the contracts. Defendants uniformly failed to live up to their promissory obligations to pay Plaintiffs and other FXFL Employees statutory and/or agreed upon wages and reimbursement for reasonable, unavoidable and incurred expenses.

104.     Defendants materially breached the terms of the FXFL Player Contracts by failing or refusing to pay FXFL Employees for some or all of the time spent working during mandatory training camps, practices and games. Additionally, Defendants breached the terms of the FXFL Player Contracts by failing or refusing to pay or reimburse FXFL Employees for reasonable

travel, hotel and meals accommodations.  As such, Defendants failed to perform their obligations under the FXFL Player Contracts.

105.    As a direct and proximate result of Defendants' breach, Plaintiffs and FXFL Employees suffered and will continue to suffer damages to be determined at trial.

106.    Under this cause of action, Plaintiffs seek a judgment against Defendants for actual damages, reasonable attorney's fees and related expenses on behalf of themselves and all other current and former FXFL Employees.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Plaintiffs, Kyle Auffray and John Jenkins individually and on behalf of the FLSA Collective Class, seek the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated FXFL Employees, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs, Kyle Auffray and John Jenkins as the Representatives of FLSA Collective Class;

C.    Appointment of Plaintiffs' counsel as Lead Counsel for the FLSA Collective Class;

D.    An award of damages, according to proof, including but not limited to unpaid minimum wages, overtime wages and lost benefits, to be paid by the Defendants;

E.    An award of costs incurred herein, including expert fees;

F.    An award of attorneys' fees pursuant to 29 U.S.C. § 216;

G.     An award of pre-judgment and post judgment interest, as provided by law; and

H.     All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiffs, Kyle Auffray and John Jenkins individually and on behalf of the New York Class, seek the following relief:

A.     Certification of this action as a class action under Rule 23 and the appointment of Plaintiffs' counsel as Lead Counsel for the New York Class;

B.     Designation of Plaintiffs Kyle Auffray and John Jenkins as the Representatives of New York Class;

C.     On the Second Cause of Action (Violation of New York Labor Law – Nonpayment of Straight Wages):

   1.     An award to Plaintiffs and members of the New York Class of damages for the amount of unpaid straight wages in addition to interest subject to proof;

   2.     An award to Plaintiffs and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

D.     On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

   1.     An award to Plaintiffs and the members of the New York Class of damages for the amount of unpaid overtime, in addition to interest subject to proof; and

   2.     An award to Plaintiffs and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law.

E.     On the Fourth Cause of Action (Violation of New York Labor Law – Notice and Recordkeeping Requirements and Wage Statement Provisions):

   1.     An award to Plaintiff and members of the New York Class of damages for

violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d).

2. An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to NYLL §§198(1-b), 198(1-d).

**WHEREFORE**, Plaintiffs, Kyle Auffray and John Jenkins individually and on behalf of the Florida Class, seek the following relief:

A. Certification of this action as a class action pursuant to Federal Rule 23 and the appointment of Plaintiffs as the representatives of the Florida Class;

B. Appointment of Plaintiffs' counsel as Lead Counsel for the Florida Class;

C. An award of damages, according to proof, including but not limited to unpaid overtime wages and lost benefits, liquidated damages and punitive damages to be paid by the Defendants;

D. An award of costs incurred herein, including expert fees pursuant to Fla. Stat. § 448.08;

E. An award of attorneys' fees pursuant to Fla. Stat. § 448.08;

F. An award of pre-judgment and post judgment interest, as provided by law; and

G. All such other relief as this Court shall deem just and proper including, but not limited to, liquidated damages, injunctive relief and punitive damages.

**WHEREFORE**, Plaintiff Kyle Auffray, individually and on behalf of the Massachusetts Class, seeks the following relief:

A. Certification of this action as a class action pursuant to Federal Rule 23 and the appointment of Plaintiff as the representative of the Massachusetts Class and Plaintiffs' counsel as Lead Counsel for the Massachusetts Class;

B.      An award to Plaintiff and members of the Massachusetts Class of damages for the amount of unpaid minimum wages in addition to interest subject to proof;

C.      An award to Plaintiff and members of the Massachusetts Class of damages for the amount of unpaid overtime in addition to interest subject to proof;

D.      An award to Plaintiff and the members of the Massachusetts Class of reasonable attorneys' fees and costs pursuant to the Mass. Gen. Laws;

E.      An award of pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

F.      An award of costs of suit;

G.      A declaratory judgment that the practices complained of herein are unlawful under Mass. Gen. Laws, and injunctive relief requiring termination or modification of the unlawful practices challenged in this Complaint;

H.      All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiffs, Kyle Auffray and John Jenkins individually and on behalf of all other current and former FXFL Employees, seek the following relief:

A.      A declaration as to the Sixth Cause of Action, awarding Plaintiffs and all other current and former FXFL Employees judgment against Defendants for breach of contract in an amount to be determined at trial together with interest, costs, and attorneys' fees.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to named Plaintiffs and class Plaintiffs' employment, to named Plaintiffs and class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated:      New York, New York
            December 1, 2015


                                    _____s/ Brett Gallaway_____
                                    Brett Gallaway (BG-8585)
                                    Lee S. Shalov (LS-7118)
                                    Wade Wilkinson (WW-1313)
                                    McLAUGHLIN & STERN, LLP
                                    260 Madison Ave.
                                    New York, NY 10016
                                    Telephone: (212) 448-1100
                                    bgallaway@mclaughlinstern.com
                                    lshalov@mclaughlinstern.com
                                    wwilkinson@mclaughlinstern.com

                                    *Attorneys for Plaintiffs, the FLSA Collective Class,
                                    the New York Class, the Florida Class and the
                                    Massachusetts Class*