UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/16
```

------------------------------------------------------------X
                                                     :

KYLE AUFFRAY, and JOHN JENKINS, *on*   :
*behalf of themselves and all others similarly situated*,   :
                                                   :

                                         Plaintiffs,   :
                                                   :

                        -against-   :

FXFL, LLC, BRIAN WOODS, and ALAN   :
PACE,   :
                                                     :

                                      Defendants.   :

------------------------------------------------------------X

                                  1:15-cv-9379-GHW

                        MEMORANDUM OPINION
                            AND ORDER

GREGORY H. WOODS, United States District Judge:

## I.      BACKGROUND

      Plaintiffs in this action are former players, coaches, assistant coaches, and other hourly

employees who worked for the Fall Experimental Football League, also known as the "FXFL."  The

complaint alleges that the FXFL was a professional minor league football organization which

partially served as a feeder system for the National Football League, and which committed various

wage and hour violations in connection with Plaintiffs' employment and the employment of

potential Fair Labor Standards Act ("FLSA") opt-in plaintiffs.  In addition to claims under the

FLSA, Plaintiffs bring claims under the state labor laws of New York, Massachusetts, and Florida as

well as claims for breach of contract.

      On July 21, 2016, Plaintiffs filed a motion to conditionally certify a collective action under

the FLSA.  Later, on November 16, 2016, the Court granted defendant Michael Halem, who was not

a named defendant in this action until September 27, 2016, leave to file a motion to dismiss

Plaintiffs' FLSA claims.  Because Mr. Halem's motion, if successful, would completely eliminate

Plaintiffs' claims under the FLSA, Plaintiffs' motion for conditional certification of a collective

action is denied without prejudice to renewal in the event that Mr. Halem's motion to dismiss is denied by the Court.

Plaintiffs filed their motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) on July 21, 2016.  Dkt. No. 55.  Pursuant to the Court's July 19, 2016 order setting a briefing schedule for this motion, Defendants' opposition was due no later than two weeks following the date of service of Plaintiffs' motion.  Dkt. No. 54.  On August 17, 2016, Plaintiffs submitted a letter asking that the Court grant Plaintiffs' motion, given that no Defendant had filed an opposition as of that date.  Dkt. No. 72.  The Court denied that request on August 22, 2016, and *sua sponte* extended Defendants' deadline to file an opposition to August 27, 2016.  Dkt. No. 74.  No defendant opposed the motion as of that date either, however.

On September 26, 2016, the Court granted Plaintiffs' motion for leave to amend the complaint to name as a defendant Mr. Michael Halem, Dkt. No. 101, and Plaintiffs thereafter filed an amended complaint naming Mr. Halem as a defendant on September 27, 2016, Dkt. No. 102. On October 26, 2016, Mr. Halem filed a letter requesting a pre-motion conference with respect to an anticipated motion to dismiss the FLSA claims in the amended complaint pursuant to the statutory exemption available at 29 U.S.C. § 213 which, in brief, exempts from the minimum wage and overtime requirements of the FLSA certain amusement or recreational establishments which do not operate for more than seven months per year.  During a pre-motion conference on November 16, 2016, the Court granted Mr. Halem leave to file a motion to dismiss Plaintiffs' FLSA claims pursuant to that exemption, and set a briefing schedule for the motion.

## II.    LEGAL STANDARD

The FLSA provides that an action for unlawful employment practices may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  28 U.S.C. § 216(b).  Unlike class actions, FLSA collective actions need not satisfy

the requirements of Fed. R. Civ. P. 23, and only plaintiffs who "opt in" by filing consents to join the action are bound by the judgment. *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-cv-8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013). District courts have "'discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) (quoting *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (alteration in original)).

The Second Circuit has approved a two-step method to certify FLSA collective actions. *Myers*, 624 F.3d at 555. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* Courts may approve sending notice if "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The second stage of collective action certification occurs after notice is sent, the opt-in period ends, and discovery closes." *Mendoza*, 2013 WL 5211839, at *3. "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers,* 624 F.3d at 555.

Importantly, and as noted above, the decision whether to grant a motion for conditional certification of an FLSA collective action lies within the discretion of the district court. In *Hoffman-La Roche*, the Supreme Court discussed whether a district court adjudicating a lawsuit under the Age Discrimination in Employment Act ("ADEA") could authorize and facilitate notice of the pending

action.  In that case, the Court noted that the ADEA "incorporates enforcement provisions of the Fair Labor Standards Act," including the FLSA's provision concerning collective actions.  493 U.S. at 167-68.  The Court went on to hold that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  *Id.* at 169; *see also Myers*, 624 F.3d at 554 ("Although they are not required to do so by the FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and their opportunity to opt-in as represented plaintiffs.") (quoting *Hoffman-La Roche*, 493 U.S. at 169) (alteration in original).  Plainly, conditional certification of a collective action is not mandatory, even where named plaintiffs are able to show that they are similarly situated to potential opt-in plaintiffs.

## III.   DISCUSSION

As discussed, the Court has granted Mr. Halem leave to file a motion to dismiss Plaintiffs' FLSA claims pursuant to the statutory exemption found at 29 U.S.C. § 213.  That provision provides that the FLSA's minimum wage and overtime requirements do not apply to:

> (3) any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 ⅓ per centum of its average receipts for the other six months of such year, except that the exemption from sections 206 and 207 of this title provided by this paragraph does not apply with respect to any employee of a private entity engaged in providing services or facilities (other than, in the case of the exemption from section 206 of this title, a private entity engaged in providing services and facilities directly related to skiing) in a national park or a national forest, or on land in the National Wildlife Refuge System, under a contract with the Secretary of the Interior or the Secretary of Agriculture.

If Mr. Halem's motion is successful, Plaintiffs' FLSA claims would be dismissed, and any collective action would not proceed.  And had Mr. Halem been named as a defendant in this case from the outset, his motion to dismiss would have been presented to the Court prior to consideration of any

motion for conditional certification of a collective action.  Here, however, Mr. Halem was not added to this case until September 27, 2016, several months after Plaintiffs filed their motion. Under the circumstances, the Court exercises its discretion to deny Plaintiffs' motion for conditional certification, without prejudice to renewal in the event that the Court denies Mr. Halem's motion to dismiss Plaintiffs' FLSA claims.  In making this ruling, the Court has not assessed the merits of Plaintiffs' motion, and expresses no views on whether Plaintiffs have made the factual showing necessary to conditionally certify a collective action under the FLSA.

## IV.  CONCLUSION

Plaintiffs' motion for conditional certification of a collective action under the FLSA is denied without prejudice to renewal in the event that the Court denies Mr. Halem's motion to dismiss Plaintiffs' FLSA claims.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 55.

SO ORDERED.

Dated:  November 16, 2016
          New York, New York

_____
GREGORY H. WOODS
United States District Judge