UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
KYLE AUFFRAY and JOHN JENKINS, on behalf of
themselves and others similarly situated,

                                                                                                           Civil Case No.: 15-cv-09379

                                                                Plaintiff,


              -against-

FXFL, LLC, BRIAN WOODS, ALAN PACE and
MICHAEL HALEM

                                                               Defendants.
-------------------------------------------------------------------------x



## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL HALEM'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)

# TABLE OF CONTENTS

                                                                                                           **Pages**

TABLE OF CONTENTS………………………………………………………………… (i)

TABLE OF AUTHORITES……………………………………………………………(ii)

PRELIMINARY STATEMENT…………………………………………………………… 1

STATEMENT OF FACTS…………………………………………………………….... 2

ARGUMENT………………………………………………………………………….. 5

      POINT I: THE FLSA CLAIMS MUST BE DISMISSED
      BECAUSE THE DEFENDANT IS EXEMPT FROM
      THE FLSA REGULATIONS…………………………………………….... 7

      POINT II: UPON DISMISSAL OF THE FLSA CLAIMS,
      PLAINTIFFS' STATE LAW CLAIMS MUST BE
      DISMISSED BECAUSE THE COURT DOES NOT
      HAVE JURISDICTION OF THESE CLAIMS UNDER CAFA…………10

CONCLUSION………………………………………………………………………12

# TABLE OF AUTHORITIES

**CASES**

Pages

Alicea v. Circuit City Stores, Inc, No. 07-CV-6123 (DC), 2008 WL 170388
(S.D.N.Y. January 22, 2008).................................................................. 11

Ashcroft v. Igbal, 129 S.Ct. 1937 (2009)....................................................... 6, 7

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)...................................... 6

Bigsby v. Barclays Capital Real Estate, Inc., 170 F.Supp.3d 568 (S.D.N.Y. 2016)............ 6

Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006)................................... 11

Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41 (2nd Cir. 2003)......................... 6

Chen v. Major League Baseball Properties, Inc. et al 798 F.3d 72 (2nd Cir 2016)...........7, 8

DiPonzio v. Bank of America Corporation, No. 11-CV-06192 (MAT),
2011 WL 2693912 (S.D.N.Y July 11, 2011)........................................................ 11

Ford v. D.C. 37 Union Local 1549, 579 F.3d 187 (2d Cir.2009)............................5

Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590 (11th Cir. 1995)..........................9

Hill v. Delaware North Companies, 838 F.3d 281 (2nd Cir. 2016)............................ 8

Makarova v. United States, 201 F.3d 110 (2d Cir.2000)....................................5

Manway Construction Company, Inc, 711 F.2d 501 (2nd Cir.1983)..........................12

Orlander v. Staples, Inc., No. 13cv703 (NRB), 2013 WL 5863544
(S.D.N.Y. Oct. 31, 2013)......................................................................... 6

Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F.Supp.2d 244, 250 (S.D.N.Y. 2013)..... 12

Starr v. Sony BMG Music Entertainment, 592 F.3d 314 (2nd Cir. 2010)...................... 7

United Food & Commercial Workers Union, Local 919 v. Centermark Props.
Meridan Square, 30 F.3d 298 (2d Cir.1994)................................................ 6, 11, 12

**STATUTES AND RULES**

                                                                                                **Pages**

Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d)............................................ 2

Fair Labor Standards Act, 29 U.S.C. § 201, et. seq ................................................ Passim

Florida's Minimum Wage Act, Fla. Stat. §448.08 et seq., ............................................. 1

The Florida Constitution................................................................................... 1

FRCP Rule 12(b)(1)........................................................................................ 5

FRCP Rule 12(b)(6) ........................................................................................ 6

Mass Gen. Laws Ch. 151 §§ 1A and 1B................................................................ 1

New York Labor Law (the "NYLL"), §§ 190, et seq,................................................ 1

New York Administrative Code 12 NYCRR 142-2.2................................................. 1

**OPINIONS**

DOL Wage & Hour Op. Ltr. FLSA 2009-5, WL 648997 (Jan. 14 2009)........................... 8

## **PRELIMINARY STATEMENT**

As plaintiffs alleged in their Second Amended Complaint, this is an action in which plaintiffs Kyle Auffray ("Plaintiff Auffray") and John Jenkins ("Plaintiff Jenkins") (collectively, "Plaintiffs") seek to recover unpaid wages, overtime compensation, damages based under the Fair Labor Standards Act (the "FLSA") 29. U.S.C §§ 201 et seq. as well as based on common law and various state law claims including New York Labor Law (the "NYLL"), §§ 190, et seq, and 12 NYCRR 142-2.2; Mass Gen. Laws Ch. 151 §§ 1A and 1B; and Florida's Minimum Wage Act, Fla. Stat. §448.08 et seq., and the Florida Constitution (hereinafter the "State Law Claims").[1] The Plaintiffs also seek to bring this action as a collective action under the FLSA, 29 U.S.C.216(b), and a class action under New York, Massachusetts, and Florida on behalf of other purportedly similarly situated "players, coaches, assistant coaches, assistant coaches and non-exempt hourly paid employees ("FXFL Employees") who signed contracts to play in or otherwise were recruited to play or coach football or otherwise work for the Fall Experimental Football League, d/b/a FXFL, LLC" (See Ex. A at ¶ 1). In their Second Amended Complaint, Plaintiffs allege that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216 (b). Plaintiff also allege that this Court has original jurisdiction over all claims under the Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d). Plaintiffs do not allege any other basis for this Court having original jurisdiction of the claims set forth in this matter nor are there any further basis to allege original jurisdiction.

---

[1] All citations to Plaintiff's Second Amended Complaint, annexed as Exhibit "a" to the Declaration of Daniel Singer are hereinafter referenced as "Ex. A at ¶ __."

1

As set forth below, the claims asserted herein under FLSA (the First Cause of Action asserted in the Second Amended Complaint) must fail as defendant FXFL, LLC ("Defendant FXFL") falls under a seasonal exemption set forth in 29 U.S.C. ¶213(a)(3). As further set forth below, this Court lacks jurisdiction under CAFA, as Plaintiffs fail to adequately plead that the claims exceed $5,000,000.00 in the aggregate. As a result of the foregoing, it is respectfully submitted that this Court is divested of jurisdiction over this action and that the Second Amended Complaint must be dismissed in its entirety.

For the reasons set forth below, it is respectfully requested that Defendant Michael Halem's ("Defendant Halem") application to dismiss Plaintiffs' Second Amended Complaint be granted in its entirety.

## STATEMENT OF THE FACTS

Plaintiffs allege in the Second Amended Complaint that the Fall Experimental Football League or FXFL (the "FXFL League") operated for two (2) seasons in 2014 and 2015 under the limited liability entity, the FXFL (Ex. A at ¶ 2).[2] Plaintiffs further allege in the Second Amended Complaint that Plaintiff Auffray was a football player in the FXFL League during the 2014 season. (Ex. A at ¶21) Plaintiffs also allege that Plaintiff Jenkins was a coach in the FXFL League during the 2014 and 2015 seasons. (Ex. A at ¶ 24 and 25).

Plaintiff commenced this action against Defendant FXFL, defendant Brian Woods ("Defendant Woods"), and defendant Alan Pace ("Defendant Pace") on or about November 30, 2015 (See Case Docket Entry [hereinafter "*dkt no.*"] 1).[3] On July 27, 2016, Plaintiffs moved to amend the complaint so as to <u>inter alia</u> add Defendant Halem to this action ( *dkt. No. 62)*. On or

---

[2] For purposes of this pre-answer motion to dismiss only, all the allegations set forth in the Second Amended Complaint are accepted as true.
[3] Docket entry followed by a number refers to the Court's electronic docket in this case.

about September 26, 2016, the Court granted such motion *(dkt no. 101)* and Plaintiffs filed their First Amended Complaint *(dkt. no. 102)*. On October 26, 2016, Plaintiff filed a request for a pre-motion conference with respect to Plaintiffs' proposed motion to dismiss the complaint *(dkt. No. 120)*.

A pre-motion conference was subsequently held on November 16, 2016 at which the Court granted Defendant Halem permission to file a motion to dismiss Plaintiffs' First Amended Complaint, despite Plaintiffs' opposition, and a briefing schedule was established pursuant to which inter alia Defendant Halem was to file his motion to dismiss Defendants' First Amended Complaint on or before December 9, 2016 *(dkt no. 127)*. During a telephone conference with the Court on November 28, 2016, Plaintiffs requested permission to amend their complaint for a second time and to do so prior to Defendant Halem filing his motion to dismiss the First Amended Complaint. The Court advised Plaintiffs that any such prospective amendment would need to be done by motion.

On December 2, 2016, Plaintiffs filed their motion for leave to file their Second Amended Complaint. *(dkt. nos. 134 and 136)*. On or about December 12, 2016, Plaintiffs and Defendant Halem agreed that Plaintiffs would be permitted to file their Second Amended Complaint without prejudice to Defendant Halem's right to move to dismiss same for all reasons including, but not limited to, lack of jurisdiction *(dkt no. 142)*. Plaintiffs and Defendant Halem further agreed upon a briefing schedule for Defendant Halem to file his motion to dismiss the Second Amended Complaint, which called for inter alia Defendant Halem to file the motion by December 23, 2016. *(dkt no. 142)*. The foregoing was approved by the Court on December 12, 2016 and Plaintiffs were further directed to file their Second Amended Complaint by December

3

16, 2016 *(dkt. no. 142)*. On December 13, 2016, Plaintiffs filed their Second Amended Complaint *(dkt no. 143)*.

Plaintiffs allege in the Second Amended Complaint that the 2014 football season consisted of a two-week training camp followed by "4-5 weeks" of other football activities. (Ex. A at ¶ 3). Plaintiffs further allege that the 2015 football season consisted of a two-week training camp followed by "5-6" weeks of additional football activities. (Exhibit A at ¶3). Paragraphs 2 and 3 of the Second Amended Complaint are set forth, in pertinent part, as follows:

> 2. … The first FXFL season commenced in October 2014 with four teams, the Brooklyn Bolts, the Boston Brawlers, the Omaha Mammoths and the Florida Blacktips. Prior to the commencement of the subsequent October 2015 season, the Boston Brawlers disbanded and the Omaha Mammoths were replaced by the Hudson Valley Fort. The Brooklyn Bolts, Florida Blacktips, and Hudson Valley Fort currently make up the FXFL league which completed the second season in November 2015.
>
> 3. <u>The 2014 season consisted of a two week training camp followed by 4-5 weeks of mandatory daily practices, workouts, film review and games. The 2015 season consisted of a two week training camp followed by 5-6 weeks of mandatory daily practices, workouts, film review and games</u>…

(emphasis added).

The Second Amended Complaint contains other references to the limited duration of the FXFL season (the "FXFL Season"). Paragraph 4 of the Second Amended Complaint provides that the 2014 and 2015 football season consisted of "approximately 1-2 months." (Exhibit A at ¶4). The Second Amended Complaint cites no other football activities, such as games or training camps, by the FXFL or any of the Plaintiffs or purported collective action or class action members. It is further alleged that the league operated "until the conclusion of the 2015 season in or around November 2015" (Ex. A at ¶ 12).

4

Besides the allegations regarding one to two month seasons in 2014 and 2015, the Plaintiffs allege that the league engaged in minimal marketing activities in May and July, 2014, two or three meetings with potential investors in 2014 and an interview with Sports Illustrated in 2014. (Ex. A at ¶ 5 to 9). Plaintiffs allege no specific "marketing and investment" activities in 2015. Plaintiffs claim that these are just a "few of the many marketing and investment that the Defendants engaged in throughout the offseason" and that the Defendants "also met with players and coaches throughout 2014 and 2015." (Ex. A at ¶ 9)

Plaintiffs further allege that the FXFL hired administrative employees in December, 2014 through February, 2015 (Ex. A at ¶11). Pursuant to Exhibit A attached to Plaintiffs' Second Amended Complaint, the one individual allegedly hired worked minimal amounts in these months and was employed by a staffing agency, Access Staffing.

With respect to damages, Plaintiffs allege that employees are owed millions of dollars in damages and that the claims of the proposed class exceed five million ( $5,000.000.00) dollars. (Ex. A at ¶ 13 and 18)

This Memorandum is submitted in support of Defendant Halem's motion to dismiss Plaintiffs' Second Amended Complaint. For the reasons set forth below, the Court must grant Defendant Halem's motion to dismiss in its entirety.

## ARGUMENT

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction. "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.' " Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir.2009) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)). In deciding

5

whether to dismiss a case for lack of subject matter jurisdiction, a court must construe all ambiguities and inferences in a plaintiff's favor. Bigsby v. Barclays Capital Real Estate, Inc., 170 F.Supp.3d 568, 572 (S.D.N.Y. 2016). "However, a court may refer to evidence outside of the pleadings, and the burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction exists." Id. 'Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record.' " Orlander v. Staples, Inc., No. 13cv703 (NRB), 2013 WL 5863544, at *2 (S.D.N.Y. Oct. 31, 2013) (quoting United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meridan Square, 30 F.3d 298, 305 (2d Cir.1994).

In deciding whether to grant a motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must decide if the complaint alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The court must liberally interpret the claims, accept the allegations in the complaint as being true, and make all reasonable inferences on plaintiff's behalf. Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2nd Cir. 2003). A complaint that contains only "labels and conclusions" or "a formulaic recitation" will not be sufficient to state a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint with "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" does not state a cause of action. Id. If the allegations in the complaint do not allow a reasonable inference stronger than the "mere possibility of misconduct," the complaint must be dismissed.

Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2nd Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).

**Point I: THE FLSA CLAIMS MUST BE DISMISSED BECAUSE THE DEFENDANT IS EXEMPT FROM THE FLSA REGULATIONS**

A defendant may raise "in a pre-answer Rule12(b)(6) motion that there is an exemption to the application of the FLSA. Chen v. Major League Baseball Properties, Inc. et al 798 F.3d 72 (2nd Cir 2016). In the case at bar, the FLSA does not apply because there is an exemption to the application of the FLSA.

The FLSA provisions with respect to minimum wages and maximum hours, respectively, are provided, in pertinent part, in 29 U.S.C. §206 and 29 U.S.C. §207. However, the FLSA provides under, 29 U.S.C. §213, certain exemptions to the minimum wage and overtime requirements under the as follows:

    **(a) Minimum wage and maximum hour requirements**

    The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to--

    …

    **(3)** any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 ⅓ per centum of its average receipts for the other six months of such year, except that the exemption from sections 206 and 207 of this title provided by this paragraph does not apply with respect to any employee of a private entity engaged in providing services or facilities (other than, in the case of the exemption from section 206 of this title, a private entity engaged in providing services and facilities directly related to skiing) in a national park or a national forest, or on land in the National Wildlife Refuge System, under a contract with the Secretary of the Interior or the Secretary of Agriculture

7

(emphasis added).

Courts have routinely held that athletic facilities, sports teams, and other athletic institutions qualify for the exemption under 29 U.S.C. §213(a)(3) provided that they meet one of the following two "seasonality" tests: i) they do not operate for more than seven months in any calendar year or ii) during the preceding calendar year, their average receipt for the other six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of that year. Hill v. Delaware North Companies, 838 F.3d 281 (2nd Cir. 2016)(granting employer-ball park concessionaire operator summary judgment dismissing plaintiffs-employees FLSA claims and holding that the employer qualified for the exemption under 29 USC §213(a)(3) as they met one of two seasonality tests); Chen , 798 F.3d 72 (2nd Cir 2016)(granting defendants motion to dismiss a collective action under FLSA brought by an unpaid volunteer at "Fanfest,"which was a five day "interactive baseball theme park brought in conjunction with Major League Baseball's 2013 All-Star Week and holding that defendants met the seasonality requirement under 29 U.S.C. §213(3) as "Fanfest" operated for less than seven (7) months a year); Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590 (11th Cir. 1995)(dismissing FLSA action brought by groundskeeper against defendant-operator of major league spring training and minor league baseball games, holding that the exemption under 29 U.S.C. 213(a)(3) applied as the seasonality requirement was met).

In order for a business to be considered operating, the business "must be open for business." Hill, 838 F.3d at 281. A business is not operating if not open as an amusement or recreational facility. DOL Wage & Hour Op. Ltr. FLSA 2009-5, WL 648997 (Jan. 14 2009).

Here, Plaintiffs clearly only allege in the Second Amended Complaint that Defendant FXFL operates for less than seven months per year. Paragraph 2 and 3 of the Second Amended Complaint

8

(Ex. A at ¶ 2 and 3) state that the season was only for one or two months. Paragraph 4 (Ex. A at ¶ 4) also provides that Defendant FXFL operated only one to two months a year. Indeed, the very title of the league itself, the Fall Experimental Football League, further delineates its seasonal nature.

The fact that Plaintiffs allege that there were activities performed with respect to Defendant FXFL outside of the FXFL Season such as, by mere example, looking for investors and maintaining employees is irrelevant with respect to determining whether or not the seasonal exemption under 29 U.S.C. §213(a)(3) applies. As a matter of law, the sole issue is the length of the FXFL Season itself, which as Plaintiffs allege in its Second Amended Complaint, was only one to two months in 2014 and 2015.

The case of <u>Jeffrey v. Sarasota White Sox, Inc.</u> is directly on point with respect to this issue. In that case, the defendant was the operator of major league spring training and minor league baseball games. A groundskeeper, that had been employed year-round by the defendant, brought an action to recover unpaid overtime under the FLSA. The court in <u>Sarasota</u> held that critical issue in determining the applicability of the seasonality exemption under 29 U.S.C. §213(a)(3) was the length of defendant's actual seasonal operation. The Court held that the season was significantly less than seven months even though the defendant employed workers in the off-season. The Court held that:

> The evidence shows that spring training in the sports complex in Sarasota begins and ends in March of each year. Defendant begins play in April and continues to play up to the end of August of each year. Accordingly, Defendant's operation at the baseball complex in Sarasota lasts approximately five months each year which is two months less than the seven months period afforded under 29 U.S.C 213(a)(3).
>
> The fact that Plaintiff was employed in the off-season months relative to the preparation and maintenance of the baseball fields does not alter the Court's finding that Defendant's operation does not last longer than seven (7) months in any calendar year. <u>The</u>

9

> focus on the exemption is not on the length of time Plaintiff performed his work. Rather, the focus is on the length of Defendant's seasonal operation [citation omitted]. It is the revenue-producing operation of the Sarasota White Sox as a professional baseball franchise which affords it the protection of the exemption [citation omitted]. 29 U.S.C. 213(a)(3) does not require Defendant to completely shut down or to terminate every employee at the end of each baseball season [citation omitted].

(emphasis added).

Id. at 596-597.

In the present matter, there is no allegation that Defendant FXFL earned its revenue in any manner other than through exhibiting football games during the FXFL Season. The mere fact that individual defendants attempted to contact investors and market outside of the FXFL Season or hired a temporary agency from December 1, 2014 through February 6, 2015 does not make the operation into a full-year operation. These activities outside the football season were merely part of the "preparation and maintenance" and cannot be considered as part the FXFL's operation. Moreover, these minimal activities that are alleged in the Second Amended Complaint added together would not extend the season beyond the seven months. As such, as a matter of law, the "season" for the purposes of the 29 U.S.C. §213(a)(3) is the one to two month FXFL Season.

As a result of the foregoing, it is respectfully submitted that Plaintiffs' FLSA claims must be dismissed.

**Point II: UPON DISMISSAL OF THE FLSA CLAIMS, PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED BECAUSE THE COURT DOES NOT HAVE JURISDICTION OF THESE CLAIMS UNDER CAFA**

In order for a federal district court to have jurisdiction over a proposed class action under CAFA, the amount in controversy must exceed $5,000,000.00, there must be complete diversity

of citizenship between all defendants and at least one member of the class of plaintiffs, and there must be at least 100 potential members of the plaintiff class. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).

It is well-established that the party asserting federal jurisdiction bears the burden of establishing jurisdiction. Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006) (holding that "CAFA has not changed the traditional rule that the party asserting federal jurisdiction bears the burden of establishing jurisdiction"); United Food & Commercial Workers Union, Local 9019, AFL-CIO , 30 F.3d at 301. The party asserting CAFA jurisdiction must demonstrate a reasonable probability that the amount in controversy exceeds the five (5) million-dollar threshold. Blockbuster, 472 F.3d at 59; DiPonzio v. Bank of America Corporation, No. 11-CV-06192 (MAT), 2011 WL 2693912 (S.D.N.Y July 11, 2011)(holding that the parties asserting jurisdiction under CAFA "failed to meet their burden to show a reasonable probability that the amount in controversy exceeds five million dollars" in an action alleging violations of New York Labor Law); Alicea v. Circuit City Stores, Inc, No. 07-CV-6123 (DC), 2008 WL 170388 (S.D.N.Y. January 22, 2008).

Where the pleadings themselves are inconclusive as to the amount in controversy, courts may look outside those pleading to other evidence in the record. United Food, 30 F.3d 29 at 305; DiPonzio, 2011 WL 2693912 at 3. Where jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of the evidence. United Food, 30 F.3d at 305. If the Court finds that it does not have federal jurisdiction, the Court must dismiss the complaint. United Food, 30 F.3d at 301.

In the case at bar, Plaintiffs do "not make any specific damages demand, and the aggregate value of the claims is not clear from the face" of the Seconded Amended Complaint.

Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F.Supp.2d 244, 250 (S.D.N.Y. 2013). "When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by [party contesting jurisdiction], the [party asserting jurisdiction] must establish the requisite amount in controversy "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence [citations omitted].'" Id.

Plaintiffs have failed to set forth facts in this case showing that the Court has jurisdiction under CAFA. Besides not alleging the value of the claim, Plaintiffs have failed to set forth in the Second Amended Complaint any reasonable probability that the amount in controversy exceeds the five (5) million-dollar threshold. Indeed, the Second Amended Complaint merely sets forth in a conclusory statement that the jurisdictional requirement of CAFA has been met as "the claims of the proposed class members exceed $5,000,000.00 in the aggregate" (Ex. A at ¶ 8).

In sum, as the Court does not have jurisdiction under CAFA, this action must be dismissed in its entirety. United Food, 30 F.3d at 301; Manway Construction Company, Inc, 711 F.2d 501 (1983).

## CONCLUSION

As a result of the foregoing, it is respectfully requested that Defendant Halem's motion be granted in all respects and that the Court grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 23, 2016

_____
DANIEL A. SINGER
(DAS 0978)