**GOLDBERG AND WEINBERGER LLP**
**Attorneys at Law**

**630 Third Avenue, 18ᵗʰ Floor**
**New York, New York 10017**

Lewis Goldberg (N.Y., CT. & N.J.)                   _____                   OTHER OFFICE:
Stuart Weinberger (N.Y. & N.J.)                                                                REDDING, CT.

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

September 16. 2019

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Regarding:            Settlement of Fees and Costs

Civil Action No:      15-CV-9379(GHW)

Dear Judge Woods:

Our firm represents Defendant Michael Halem ("Halem"). The parties have reached an agreement to resolve the issues of the fees and costs.

Halem has agreed to pay a total of $179,000 in fees and costs in full settlement of the dispute over the amount of fees and costs. The monies will be paid as follows: $120,000.00 in legal fees and $59,000.00 in costs.

Halem agrees to pay the $179,000.00 into an escrow account of plaintiffs' counsel by no later than October 11, 2019. These monies will be held in escrow. The monies will be released on the Effective Date as defined in the Settlement Agreement (Docket Number 348-1). If the Settlement Agreement does not become effective, the monies shall be returned by plaintiffs' counsel to Halem

Attached is a revised order to reflect the resolution of this matter. If the Court so requires, I will submit the revised order in Word to the Court by an e-mail.

Halem and the plaintiffs request that the Court hearing scheduled for September 23, 2019, regarding the issue of the fees and costs, be cancelled. Moreover, the parties believe that the Court can approve the award of the attorney's fees, in accordance with *Cheeks v. Freeport Pancake House, Inc., et.al.*, 796 F.3d 199 (2d Cir. 2015), without a further hearing. The parties believe that the existing record will allow the Court to evaluate and to approve the award of attorney's fees.

Honorable Judge Gregory Woods
September 16, 2019
Page 2

Thus, the parties request that the Court approve the Settlement Agreement, including the provisions of costs and fees. For the reasons stated in Halem's letter to the court (Docket Number 376) and, as the Court acknowledged at that the fairness hearing on August 30, 2019, the Court must wait until  after the expiration of the ninety period from when the notices were mailed to the parties required to receive notices under the Class Action Fairness Act of 2005 to give final approval to the Settlement Agreement. The expiration of said ninety day period would be September 23, 2019.

A copy of this letter has been served upon the parties by an ECF Filing.

Very truly yours,
/s/ Stuart Weinberger
Stuart Weinberger

SW:Halem.L91619

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE AUFFRAY and JOHN JENKINS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FXFL, LLC, BRIAN WOODS, ALAN PACE, and MICHAEL HALEM <br><br> Defendants. | Index No.: 1:15-cv-9379 (GHW)(SDA) |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; MOTION FOR APPROVAL OF SERVICE AWARDS; AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The above-entitled matter came before the Court on Plaintiffs' Motion for Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"), Motion for Approval of Service Awards ("Motion for Service Awards"), and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees"). After reviewing the papers in support of the Motions for Final Approval, Service Awards, and Fees, and supporting declarations and exhibits, the arguments of the parties, and all other materials properly before the Court, the Court hereby finds and orders as follows:

A. On August 15, 2019 Plaintiffs Kyle Auffray and John Jenkins ("Plaintiffs") filed their Motion for Final Approval with respect to the proposed Settlement Agreement and Release ("Settlement Agreement") as well as their Motion for Service Awards Motion for Fees.

B. All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

1

C. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.    For the reasons set forth in Plaintiffs' Memorandum of Law in Support of Preliminary Approval of the Settlement (Dkt. No. 336) and the Motion for Final Approval, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class certification for purposes of effectuating the settlement. The Court hereby certifies the following class:

> All non-exempt players, head coaches, assistant coaches, cheerleaders, game officials and administrative employees who   were employed in New York State, in 2014 and/or 2015 for defendant FXFL or the individual defendants Brian Woods, Michael Halem or Alan Pace including those that were on the team or were staff members of the Brooklyn Bolts, the Hudson Valley Fort, and the Blacktips (when the Blacktips played a New York team) for purposes of settling this case.

2.   For the reasons set forth in Plaintiffs' Memorandum of Law in Support of Preliminary Approval of the Settlement (Dkt. No. 336) and the Motion for Final Approval, this Court finds that final certification of the Fair Labor Standards Act Collective, pursuant to 29 U.S.C. § 216(b), is warranted and hereby certifies the following collective:

> Those employees who were employed by/worked for  Defendants, including those that were on the team or were staff members of Boston Brawlers, Omaha Mammoth, the Blacktips, Brooklyn Bolts, and Hudson Valley Fort, who opted into this action, are alleging claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § § 201, et. seq. and who have already consented to participate in this Action as a party Plaintiff by filing an Opt-in Consent Form and who have not subsequently withdrawn such consent or opted out of the FLSA collective action.

3.       The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be approved on a final basis. The settlement will ensure prompt payment to Qualified Claimants and avoid the risks and expense of continued litigation.

4.       The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of the Court as a mediator supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

5.       The Court finds that there were no written objections to the Settlement.

6.       The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) and a collective under 29 U.S.C. § 216(b)

7.       The Parties' dissemination of the Notice to the class via First Class United States Mail to the last known address of each Class Member was in accordance with Section 6 of the Settlement Agreement. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the settlement.

8.      Based on the foregoing, the Court approves Certification of the Settlement Class and the Certification of the Collective Action.

9.      Based on the foregoing, the Court grants final approval of the Class Action Settlement.

10.     Based on the foregoing, the Court grants approval of the FLSA Settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

11.     The Court approves the requested Service Awards in the amount of $2,500.00 each to Named Plaintiffs Kyle Auffray and John Jenkins for their service and assistance in the prosecution of the Litigation.

12.     Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $ 179,000.00 ("Fee and Cost Award) which is a presumptively reasonable fee. From the Fee and Cost Award, $120,000.00 is for attorneys' fees and $59,000.00 is for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Litigations. Class Counsel are well qualified, experienced, and have aggressively litigated this action, thereby demonstrating their adequacy as counsel for the class. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by class counsel. The Fee and Cost Award shall be paid to Class Counsel by Halem on or before October 11, 2019, which shall be held in escrow by Class Counsel until the Effective Date as defined in the Settlement Agreement. If the Settlement Agreement does not become effective, the monies shall be returned by Class Counsel to Halem.

13.     The Settlement Claims Administrator will distribute the Settlement Checks, including Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement. The Settlement Claims Administrator is ordered to provide verification

to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks and made proper withholdings, and to retain copies of all endorsed Settlement Checks.

14.     This Litigation is dismissed with prejudice, as are all Released State Law Claims and Released Federal Law Claims asserted in the Litigation by Qualified Claimants in accordance with the terms of the Settlement Agreement.

15.     The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

16.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

It is so ORDERED this ___ day of _____, 2019.

                                                    _____
                                                    Hon. Gregory H. Woods
                                                    United States District Judge